# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE COZAD, an individual, residing in California,<br><br>        Plaintiff,<br><br>  v.<br><br>ASTRAZENECA LP, a Delaware Limited Partnership, registered to do business in California; and DOES 1 through 50, inclusive,<br><br>        Defendants.<br>_____/ | Case No. 1:14-cv-02049-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER**<br><br>(Doc. 15) |

## I.   INTRODUCTION

On October 5, 2015, 2015, the parties filed a request seeking Court approval of their Stipulated Protective Order. (Doc. 15.) The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court DENIES without prejudice the parties' request to approve the stipulated protective order.

## II.   DISCUSSION

**A.   The Protective Order Does Not Comply with Local Rule 141.1(c)**

The proposed protective order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any

proposed protective order submitted by the parties must contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The stipulated protective order fails to contain this required information.

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order[.]" The protective order, in its current form, fails to identify in even the most sweeping terms the categories of information the parties intend to protect. (*See* Doc. 15, p. 3 (limiting the scope of the protective order to "protected material" and defining "protected material" as "*any* disclosure or discovery material that is designated as 'Confidential' or as 'Highly Confidential – Attorney Eyes only.'") (italics added).) Though the parties set forth their intent to "take care to limit any such designation to a specific material that qualifies under the appropriate standards" (Doc. 15, p. 4), there is no list of categories of information to identify those standards.

The parties' need for protection is also described only in vague terms. As the parties do not present any particularized need for protection as to any identified category of information to be protected, the protective order also fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

Finally, the requirement of Local Rule 141.1(c)(3) is not addressed. In its current form, the protective order does not show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."

**B.     The Parties' Stipulated Protective Order is Denied Without Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' request for approval of the Stipulated Protective Order (Doc. 15) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:   **October 6, 2015**                              **/s/ Sheila K. Oberto**
                                                                          UNITED STATES MAGISTRATE JUDGE