# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE COZAD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ASTRAZENECA LP, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants.<br>_____/ | Case No. 1:14-cv-02049-SKO<br><br>**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S EIGHTEENTH AND TWENTIETH AFFIRMATIVE DEFENSES**<br><br>(Doc. 31) |

## I.   INTRODUCTION

Plaintiff Katherine Cozad ("Plaintiff") brings this action against AstraZeneca, LP ("Defendant"), alleging that Defendant failed to take necessary and reasonable precautions to protect Plaintiff from the sexual assault by a physician with whom she was in contact due to her employment by Defendant. (*See generally* Doc. 1, pp. 12-23 (Complaint).) On July 15, 2016, Plaintiff filed a motion for partial summary judgment. (Doc. 31.) On August 3, 2016, Defendant filed its opposition, and on August 10, 2016, Plaintiff filed her reply. (Docs. 44; 49.) After having reviewed the parties' papers and all supporting material[1], the matter was deemed suitable

---

[1] This Court has reviewed and considered the record, including all evidence, arguments, points and authorities, declarations, testimony, statements of undisputed facts and responses thereto, objections, and other papers filed by the parties. Omission of reference to evidence, an argument, document, objection or paper is not to be construed to the effect that this Court did not consider the evidence, argument, document, objection or paper. Although this Court has also reviewed, considered and applied the evidence it deemed admissible and material, it does not rule on objections in a summary judgment context, unless otherwise noted.

for decision without oral argument pursuant to Local Rule 230(g), and the Court vacated the hearing set for August 17, 2016. (Doc. 51.)

For the reasons set forth below, Plaintiff's motion for partial summary judgment is DENIED.

## II.   BACKGROUND

**A.   Plaintiff's Contentions**

Plaintiff was employed by Defendant as a pharmaceutical sales representative assigned to make sales calls in the Fresno, California area. (Compl. ¶ 9; Doc. 35, Declaration of S. Brett Sutton ("Sutton Decl."), Ex. 1, at 28:5-28:14; 32:5-33:12.). In October 2013, Plaintiff Katherine Cozad made a routine sales call to a particular family practice physician ("Physician") at his office. (Compl. ¶10; Sutton Decl., Ex. 1, at 59:21-25, 64:8-70:10.) Plaintiff alleges that during this sales visit, Physician sexually assaulted Plaintiff by grabbing her face and forcibly kissing her, and by rubbing himself against her body and genitals. (*Id.*) Subsequently, Plaintiff was diagnosed with post-traumatic stress disorder as a result of the assault. (Compl. ¶ 17; Sutton Decl., Ex. 1, at 86:15-87:3, 103:24-104:4.) Plaintiff alleges that her experience with Physician had devastating effects on her personal and professional life and ultimately led to the termination of her employment with Defendant. (Compl. ¶¶ 38, 43; Doc. 32, 3:14-16.)

Prior to commencing litigation against Physician or Defendant, on or about May 1, 2014, Plaintiff entered into a confidential settlement agreement with Physician (the "Settlement Agreement"). (Sutton Decl. at ¶ 4, Ex. 2.) The Settlement Agreement provides that the total gross settlement amount constituted "consideration for the personal physical injury [Plaintiff] sustained." (*Id.*)

Following the Settlement Agreement, on November 14, 2014, Plaintiff filed the instant action against Defendant, after having requested and obtained an immediate Right-to-Sue notice from the Department of Fair Employment and Housing on or about August 2, 2014. (Sutton Decl. at ¶ 5; Compl. ¶¶ 5-6.) Plaintiff alleges in her Complaint that Defendant unlawfully discriminated against her based on gender, failed to take reasonable steps to prevent Plaintiff's assault by Physician, and did not reasonably accommodate Plaintiff's resultant medical condition. (Compl.


1  ¶¶ 37, 44, 49.) Plaintiff seeks compensatory damages, declaratory relief, exemplary damages, and
2  attorney's fees and costs as a result of Defendant's alleged acts and omissions. (Compl. 12:2-14.)
3        On July 15, 2016, Plaintiff filed her motion for partial summary judgment. (Doc. 31.)
4  Plaintiff contends that because the Settlement Agreement provided no recovery for Plaintiff's
5  economic losses, California law prohibits Defendant from offsetting the settlement amount against
6  any judgment and therefore she is entitled to summary judgment on that issue. (Doc. 32, 2:24-
7  3:2.)

**B.  Defendant's Contentions**

      Defendant denies Plaintiff's allegations[2] and contends, in its eighteenth and twentieth affirmative defenses, that Plaintiff's damages in this action are subject to an "offset" by the proceeds that Plaintiff received from the Physician under the Settlement Agreement. (*See* Doc. 1, pp. 37-43 (Answer), ¶¶ 18, 20.)

      Defendant filed its opposition to Plaintiff's motion for partial summary judgment on August 3, 2016. (Doc. 44.) Defendant asserts that where, as here, the Settlement Agreement is silent as to the apportionment of the amount between economic versus non-economic damages, the possibility of offset is not foreclosed as a matter of California law and summary judgment is therefore inappropriate. (Doc. 44, 3:10-18.)

### III.  LEGAL STANDARD

      Plaintiff seeks summary judgment on Defendant's eighteenth and twentieth affirmative defenses, which allege Defendant is entitled to offset Plaintiff's recovery in this lawsuit by the amount Plaintiff received from Physician under the Settlement Agreement. (*See* Answer ¶¶ 18, 20.) Although Plaintiff does <u>not</u> have the ultimate burden of proof at trial,[3] she *does* have "both

---

[2] The basis for Defendant's denial is set forth more fully in its motion for summary judgment and supporting documents. (*See* Doc. 30.)

[3] Contrary to its assertion (*see* Doc. 44, 4:3-11), *Defendant* bears the burden of proof at trial as to its offset affirmative defense. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1032 (9th Cir. 2014) ("[a] defendant seeking an offset against a money judgment [under Cal. Code Civ. Proc. § 877] has the burden of proving the offset."), *cert. denied sub nom. City of Sonora, Cal. v. C.B.*, 135 S. Ct. 1482 (2015); *Conrad v. Ball Corp.*, 24 Cal. App. 4th 439, 444 (1994) ("A defendant seeking an offset against a money judgment has the burden of proving the offset . . . . This is consistent with the general rule of evidence that "a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting.") (internal citations omitted); *Cf. Velez v. Roche*, 335 F. Supp. 2d 1022, 1041-42 (N.D. Cal. 2004) (holding that, assuming *arguendo* that Title VII permits an offset by a

the initial burden of production and the ultimate burden of persuasion on the motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To meet her burden of production, Plaintiff "must either produce evidence negating an essential element of" Defendant's affirmative defense or demonstrate that Defendant does "not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Id*. To carry her ultimate burden of persuasion on the motion, Plaintiff must demonstrate that there is no genuine issue of material fact. *Id*. If Plaintiff "fails to carry [her] initial burden of production," Defendant has "no obligation to produce anything," even though it would have the ultimate burden of persuasion with respect to its affirmative defense of offset at trial. *Id*. at 1102-03. However, if Plaintiff as the moving party "carries [her] burden of production," Defendant, as the nonmovant, "must produce evidence to support its . . . defense." *Id*. at 1103. If Defendant then "fails to produce enough evidence to create a genuine issue of material fact," Plaintiff is entitled to summary judgment. *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). But if Defendant, as the nonmovant, produces "enough evidence to create a genuine issue of material fact," then Defendant defeats the motion. *Id.*

## IV. RELEVANT LAW

When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims. *See Galam v. Carmel (In re Larry's Apartment, L.L.C.)*, 249 F.3d 832, 837 (9th Cir. 2001); *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000). Defendant's entitlement to offset – or lack thereof – is governed by section 877 of California Code of Civil Procedure, which is a matter of substantive law.[4] *See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) (citing *Fed. Savings & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990)).

//

---

nonsettling defendant where another defendant has settled, "the [nonsettling defendant] has the burden of demonstrating its entitlement to the offset.") (collecting cases).

[4] Neither Defendant's eighteenth nor its twentieth affirmative defenses refers to Cal. Code Civ. Proc. section 877 as a basis for offset. (*See* Answer ¶¶ 18, 20.) However, as Defendant's opposition to Plaintiff's motion for partial summary judgment makes clear, the "general rule of offset" set forth in section 877 applies to its affirmative defense. (Doc. 44, 2:1-2.)

4

**A.     California Code of Civil Procedure § 877**

California Code of Civil Procedure section 877 imposes joint and several liability on joint tortfeasors. Section 877 states in relevant part:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:
>
> (a) It shall not discharge any other such party from liability unless its terms so provide, ***but it shall reduce the claims against the others in the amount stipulated by the release***, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater.

Cal. Code Civ. Proc. § 877 (emphasis added). The application of section 877 "assures that a plaintiff will not be enriched unjustly by a double recovery, collecting part of his total claim from one . . . and all of his claim from another." *Pierson v. Ford Motor Co.*, No. C 06-6503 PJH, 2009 WL 2566950, at *2 (N.D. Cal. Aug. 18, 2009) (quoting *Reed v. Wilson*, 73 Cal. App. 4th 439, 444 (1999)).

**B.     California Civil Code § 1431.2**

The Fair Responsibility Act of 1986, enacted by Proposition 51 and codified in California Civil Code section 1431.2, provides in pertinent part:

> In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount.

Cal. Civ. Code § 1431.2(a). Hence, section 1431.2(a) "provides that liability for economic damages is joint and several, but liability for noneconomic damages is apportioned according to the principles of comparative fault." *City of Sonora*, 769 F.3d at 1031.

California courts have interpreted California Civil Code section 1431.2 as limiting California Code of Civil Procedure section 877 to *economic damages only*. *Id.* at 1031-32 (citing *Greathouse v. Amcord, Inc.*, 35 Cal. App. 4th 831, 838 (1995) ("It is now well established that

5

Code of Civil Procedure section 877 allows [the defendants] to set off settlement payments only for economic damages against the jury's verdict. Settlement payments attributable to non-economic damages are not subject to the setoff."); *Espinoza v. Machonga*, 9 Cal. App. 4th 268, 274-75 (1992) (explaining that there can be no offset for non-economic damages because a "plaintiff's valid 'claim' against one . . . tortfeasor for non-economic damages can never be the liability of 'the others'" (quoting Cal. Civ. Code § 1431.2))).

## V. DISCUSSION

**A. Plaintiff Has Not Shown That the Settlement Agreement Allocates the Entirety of its Proceeds to Non-Economic Damages, Such That Would Negate Defendant's Offset Defense.**

The Settlement Agreement provides that Plaintiff "shall receive the total gross sum of [redacted][5] ('Settlement Amount') as consideration for the personal physical injury she sustained." (Doc. 35, Sutton Decl. at ¶ 4, Ex. 2.) It is undisputed that the Settlement Agreement between Plaintiff and Physician is silent as to the allocation of the settlement proceeds to economic damages. (*See* Doc. 34, ¶ 4.) From this silence, Plaintiff urges the Court to conclude that all settlement proceeds paid under the Settlement Agreement were allocated to *non-economic damages*, and therefore, under Cal. Civ. Code section 1431.2(a), cannot be applied to offset any judgment against Defendant in this action.

Plaintiff is correct that *if* the Settlement Agreement specified that the proceeds were entirely allocated to Plaintiff's non-economic damages, pursuant to Cal. Civ. Code section 1431.2(a), Defendant would in all likelihood not be entitled to apply Cal. Code Civ. Proc. section 877 to reduce any judgment against Defendant by the amount of the settlement between Physician and Plaintiff. *See City of Sonora,* 769 F.3d at 1031-32. But the Settlement Agreement contains no such allocation, and Plaintiff cites no authority – nor can the Court find any – for the proposition that a settlement agreement's failure to specify the allocation of proceeds between economic and non-economic damages compels the conclusion that the *entirety* of the proceeds are deemed non-

---

[5] According to Plaintiff, the confidentiality provisions of the Settlement Agreement prevent her from disclosing the precise settlement amount. (Doc. 32, 3:18-21 n.3.) The amount of the settlement is not material to the Court's decision on Plaintiff's motion for partial summary judgment.

economic damages, which, under Cal. Civ. Code section 1431.2(a), cannot be offset.

In the absence of any legal authority, Plaintiff argues that the Settlement Agreement should be construed as allocating the entirety of the settlement funds to non-economic damages because Plaintiff's pre-settlement demand letter to Physician did not make any accounting for Plaintiff's economic damages. (Doc. 49, 4:11-16.) However, the pre-settlement demand letter is "parol evidence," which, under California law, cannot be considered by the Court to vary, alter, or add to the terms of the written Settlement Agreement, which is fully integrated (*see* Sutton Decl. at ¶ 4, Ex. 2, ¶ 8).[6] *Logan v. Resmae Mortgage Corp.*, No. 2:09-CV-01632-MCE-GGH, 2009 WL 5206716, at *4 (E.D. Cal. Dec. 24, 2009) (citing Cal. Code Civ. Proc. § 1856(a); *Hayter Trucking, Inc. v. Shell Western E & P, Inc.*, 18 Cal. App. 4th 1, 13 (Cal. Ct. App. 1993)). Indeed, construing the Settlement Agreement as Plaintiff urges based on the pre-settlement demand letter appears to run contrary to the plain language of the Agreement, which provides that the settlement amount was paid "as consideration for the personal physical injury" that Plaintiff sustained. (Doc. 35, Sutton Decl. at ¶ 4, Ex. 2.) Compensation for Plaintiff's "personal physical injury" is not, by its terms, exclusively limited to non-economic damages, and could certainly include economic damages such as "medical expenses," "loss of earnings," and "loss of employment and loss of business opportunities." *See* Cal. Civ. Code. §1431.2(b) (defining "economic damages"). The pre-settlement demand letter is therefore immaterial to the issue of allocation of funds under the Settlement Agreement.

**B.    Because the Settlement Agreement Funds Are Undifferentiated, Defendant's Offset is to Be Calculated Pursuant to the Formula Set Forth in *Espinoza v. Machonga*.**

Where, as here, a settlement is "undifferentiated," i.e., the settlement agreement does not specify an allocation of the settlement funds, the possibility of offset under Cal. Code Civ. Proc. section 877 is <u>not</u> automatically foreclosed. Under these circumstances, California courts determine offset under section 877 by calculating the percentage of the jury award attributable to

---

[6] One exception to the "parol evidence rule" is that extrinsic evidence may be admitted to construe a contract, but only where its language is ambiguous. *F.B.T. Prods., LLC v. Aftermath Records*, 621 F.3d 958, 963 (9th Cir. 2010). This exception is inapplicable here, as Plaintiff does not allege that the Settlement Agreement is ambiguous; in fact, just the opposite. (*See* Doc. 49, 4:8-10) (describing the relevant provision of the Settlement Agreement as "unambiguous.").

7

economic damages in relationship to the entire award, apply that percentage to the preverdict settlement amount to determine the portion of the settlement attributable to economic damages, and then reduce the amount of the award by the economic damages portion of the settlement. *Espinoza*, 9 Cal. App. 4th at 276-77.  *See also City of Sonora*, 769 F.3d at 1032; *Ehret v. Congoleum Corp.*, 73 Cal. App. 4th 1308, 1320 (1999) ("In the absence of any other allocation, *Espinoza* provides that the percentage of economic damages reflected in the jury verdict be applied to determine the percentage of the settlements to be offset.  The *Espinoza* formula is now well established.") (internal citations omitted); *McComber v. Wells*, 72 Cal. App. 4th 512, 517-18 (1999); *Greathouse v. Amcord, Inc.*, 35 Cal. App. 4th 831, 840 (1995); *Poire v. C.L. Peck/Jones Bros. Constr. Corp., Inc.,* 39 Cal. App. 4th 1832, 1838-39 (1995) ("[W]here a plaintiff has received a pretrial settlement from a different defendant, the portion of the settlement which may be set off from a subsequent jury award of economic damages to the plaintiff must be determined by application of the percentage of the jury award of economic damages in relationship to the total award of damages.").

Plaintiff points out that the cases applying the *Espinoza* formula "deal exclusively with the context of a settlement with one or more defendants after a lawsuit has been commenced against them," and asserts that Defendant "provides no authority for the notion" that the *Espinoza* should be applied to allocate funds in pre-litigation settlements.  (*See* Doc. 49, 2:4-3:12.)  But *Plaintiff* bears the burden of production, and, while it may be true that the cases applying the *Espinoza* formula have done so in the context of a post-litigation settlement, Plaintiff has provided no authority limiting the application of the *Espinoza* formula to that context or otherwise holding the formula inapplicable to the allocation of funds of pre-litigation settlements.[7]

//

---

[7] Plaintiff contends that it is "significant" that the settlements in the cases applying the *Espinoza* formula were reached only after a lawsuit had been filed, "because therefore the same claims asserted and litigated against the non-settling defendants were also actually asserted against and settled by the settling defendants." (Doc. 49, 2:24-26.)  Plaintiff points out that here, in contrast, the claims she asserts against Defendant in this lawsuit were never asserted against Physician because she never filed an action against Physician. (*Id*., 3:6-12.)  Other than pointing out this distinction, however, Plaintiff has not demonstrated why it renders the *Espinoza* formula inapplicable in this case to determine the offset of the funds Physician paid to Plaintiff under the Settlement Agreement.  *See generally Hellam v. Crane Co.*, 239 Cal. App. 4th 851, 860 (2015) ("Trial courts generally have wide discretion in allocating prior settlement recoveries to claims not adjudicated at trial."), *review denied* (Nov. 24, 2015).

In sum, Plaintiff has not met her initial burden of persuasion on her motion for partial summary judgment on Defendant's affirmative defense of entitlement under Cal Code Civ. Proc. section 877 to offset any judgment by Plaintiff's settlement with Physician: she has neither produced evidence negating an essential element of the affirmative defense nor demonstrated that Defendant does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.[8]  Because Plaintiff has not met her initial burden of production on Plaintiff's motion for partial summary judgment, Defendant has "no obligation to produce anything," and the Court need not determine whether Plaintiff has met her ultimate burden of persuasion on Plaintiff's motion. *See Nissan Fire & Marine Ins. Co.*, Ltd., 210 F.3d at 1102-03.

## VI.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for partial summary judgment on Defendant's eighteenth and twentieth affirmative defenses (Doc. 31) is DENIED.

IT IS SO ORDERED.

Dated:   **August 30, 2016**                                  /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

---

[8] Because the amount paid to Plaintiff under the Settlement Agreement with Physician is undifferentiated between economic and non-economic damages, the Court cannot determine Defendant's entitlement to offset under section 877, if any, until *after* it receives the jury's verdict. *See Espinoza,* 9 Cal. App. 4th at 276-77. Defendant may or may not be entitled to offset a judgment against it by some amount of the settlement between Physician and Plaintiff, depending on how the jury allocates the award. In any event, the Court is unable to make such determination at this stage of the proceedings.